**STATE, ex rel. HOVER, Plaintiff-Appellee, v. RUMPKE, Defendant-Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 7936. Decided November 9, 1955.

C. Watson Hover, Pros. Atty., Carl B. Rubin, Asst. Pros. Atty., for plaintiff-appellee.

Freiberg & Simmonds, for defendant-appellant.

(KOVACHY, PJ, SKEEL and HURD, JJ, of the Eighth District, sitting by designation in the First District.)

## OPINION

Per CURIAM:

This is an appeal on law and fact from a judgment of the Common Pleas Court. Plaintiff, State of Ohio ex rel. C. Watson Hover, as Prosecuting Attorney of Hamilton County, claims defendant, William Rumpke is conducting a common nuisance in the manner in which he is operating a garbage and waste disposal plant located on property owned by him in Colerain Township, Hamilton County, Ohio, in violation of §3767.-01, et seq., R. C., and prays that such nuisance be abated.

Garbage, ashes, trash and other waste material is collected by the defendant from 120,000 householders and fourteen commercial houses

located in two cities, one village and eleven townships chiefly in Hamilton County.

The case was presented to this Court by the transcript of the evidence given in Common Pleas Court; depositions filed in this court, together with supplemental depositions filed by the defendant on April 15, 1955; hearings on arguments of counsel on March 28 and September 21, 1955; and extensive briefs filed by counsel following each hearing. The court viewed the disposal plant prior to each hearing in order to better understand the evidence before it.

At the time of the first hearing, the most objectionable features of the operation were fires which emitted noxious and offensive smoke and odors that permeated the air. Since that time, however, the fires have been completely extinguished and the operation of the disposal plant so completely changed as to eliminate, considering the nature of the undertaking, any reasonable cause for complaint.

In view of the above, and the further fact that Hamilton County has failed to demonstrate to our satisfaction that it has the present facilities, or that it will have them available in the near future, adequately to assume a burden so necessary to the well-being and health of the many people concerned, we unanimously find that the operation of this disposal plant, under the facts and circumstances as now exist in the matter, does not constitute a public unisance, that the equities lie with the defendant, and that consequently this Court, as a court of chancery, cannot in equity and good conscience issue the injunctive relief prayed for by plaintiff-appellant. Decree for defendant. Exceptions. Order see journal.

KOVACHY, PJ, SKEEL, J, HURD, J, concur.